

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL DIVISION |
| vs. | CRIMINAL NO.: 04-49-001 Erie |
| JAMAR DUPREE ATKINSON,<br>Defendant. | Judge Maurice B. Cohill |

### POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the Defendant, Jamar Dupree Atkinson, by and through his attorney, Douglas Sughrue, Esquire, pursuant to § 6A1.2 of the United States Sentencing Commission and Local Criminal Rule 32.1, stating Defendant's position with respect to the Sentencing.  In support thereof, the following is a statement:

On or about November 9, 2004 , Defendant, Jamar Dupree Atkinson, was charged in a one count indictment with a violation of Title 21 U.S.C. § 841 (a)(1) and § 841 (b)(1)(B)(iii)—Possession with the intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of Cocaine base in the form commonly known as crack on or about August 16, 2004.

On or about June 8, 2005, Defendant entered a Plea of Guilty to Count 1 of the indictment.  Counsel has reviewed the Pre-sentence Investigation Report with Defendant via telephone.  Defendant agrees with the fact and data contained in the introduction of the report.

**PART A.   THE OFFENSE**

Defendant agrees with the statements contained in Part A paragraphs 1—4.

**OFFENSE CONDUCT**

Defendant agrees with the summary of facts contained in paragraphs 5—9.  Defendant understands that the government would have introduced facts consistent with the summary contained in said paragraphs.

**VICTIM IMPACT**

Defendant agrees with the statement in Paragraph 10 that there are no identifiable victims of the offense.

**ADJUSTMENT FOR OBSTRUCTION OF JUSTICE**

Defendant agrees with the statement contained within Paragraph 10 in the presentence investigation report.

**ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY**

Defendant agrees with the statement in Paragraph 12 that an adjustment is warranted.

**OFFENSE LEVEL COMPUTATION**

As stated above, Defendant agrees with the statements contained in Paragraphs 13—24.

**PART B.    DEFENDANT'S CRIMINAL HISTORY**

Defendant agrees with the statements contained in paragraphs 25—29.

**CRIMINAL HISTORY COMPUTATION**

Defendant objects in part to the statement contained in Paragraph 30.  Defendant asserts that the subtotal criminal history computation should be 3 points.  Defendant agrees that the government would produce facts consistent with the factual summary contained in paragraph 27 concerning Defendant's contact with the juvenile criminal justice system.  However, Defendant notes that paragraph 27 clearly denotes that Defendant was adjudicated delinquent of a disorderly conduct on January 9, 2003.  Pursuant to §4A1.2(c)(1) of the United States Sentencing Commission, a conviction for disorderly conduct is specifically excluded from the criminal history category calculation unless Defendant was sentenced to a term of imprisonment for at least thirty days.  Defendant understands that the record shows Defendant was held in some form of custody from December 5, 2002 through August 20, 2003.  However, Defendant asserts that the record is not clear as to why the sentence was longer than the statutory maximum for said offense.  Defendant's position is that Defendant was placed and served a longer sentence than permitted by statute because Defendant failed to appear for a dispositional hearing and not for being adjudicated delinquent for a disorderly conduct.

Defendant agrees with the statements contained in Paragraphs 31—34.

**PART C.    OFFENDER CHARACTERISTICS**

Defendant agrees with the statements contained in paragraphs 35 through 56.  Defendant asserts that he has used drugs and alcohol abusively throughout his life.  Defendant seeks intensive drug treatment while incarcerated for the instant offenses so that he can develop the support structure, will-power, and life coping skills needed to stop using drugs.

**PART D.    SENTENCING OPTIONS**

**Custody**

Defendant understands the statements contained in paragraphs 57 through 69. Defendant asserts that his base offense level should be 23. Defendant asserts that his criminal history category should be III. Using these variables, Defendant's standard guideline range is 57 to 71 months.

WHEREFORE, Defendant respectfully requests that this Honorable Court, after considering the arguments above, sentence Defendant accordingly.

Respectfully Submitted,

Douglas Sughrue, Esq.
Pa.ID 83970

428 Forbes Avenue, Suite 1600
Pittsburgh, PA  15219

(412) 391-0123

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,                    CRIMINAL DIVISION


        vs.                                   CRIMINAL NO.: 04-49-001 Erie


JAMAR DUPREE ATKINSON,
        Defendant.                            Judge Maurice B. Cohill


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served

upon the following person(s) in the manner as indicated below this the _13th_ day of September, 2005.


First Class Mail, Postage Prepaid

| | | |
|---|---|---|
| Clerk of Courts | United States Attorney's Office | Judge Maurice B. Cohill |
| United States Court for the Western | Marshall Piccinini, Esquire | 17 South Park Row |
| District of Pennsylvan a | Assistant United States Attorney | Erie, PA 16501 |
| 17 South Park Row | 17 South Park Row | |
| Erie, PA 16501 | Erie, PA 16501 | |

David J. Conde
U.S. Probation Office
17 South Park Row
Room A—10
Erie, PA 16501


Douglas Sughrue, Esquire