```
                IN THE UNITED STATES DISTRICT COURT

            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
          v.                   )    Criminal No. 04-49 Erie
                               )
JAMAR DUPREE ATKINSON          )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

**I.   Introduction**

On August 16, 2004, a confidential informant (CI), working with the Erie Area Gang Law Enforcement, Safe Streets, Violent Crimes Task Force (EAGLE Task Force), purchased 5.6 grams of crack cocaine from the defendant, Mr. Atkinson. He was indicted on November 9, 2004, and charged with possessing with intent to distribute and distributing five grams or more of cocaine base. On June 8, 2005, Mr. Atkinson pled guilty to the charge in the indictment without a plea agreement. He is scheduled to be sentenced before this Court on October 3, 2005.

**II.   Discussion**

Mr. Atkinson objects to the computation of his criminal history score of eight, and the corresponding criminal history

category of IV. Specifically, he argues that his adjudication of delinquency for disorderly conduct, set forth in paragraph 27, of the Presentence Investigation Report (PSI) should not be counted toward his criminal history score pursuant to §4A1.2(c)(1) of the Sentencing Guidelines.

First, Mr. Atkinson mistakenly makes his argument pursuant to §4A1.2(c)(1), which applies to adult convictions. As noted by the Probation and Pretrial Services Office in its PSI, the criminal history points to be assessed for the referenced disorderly conduct are determined by §4A1.2(d)(2)(A) and §4A1.1(b). Pursuant to §4A1.2(d), if the offense was committed before the defendant turned 18 years of age and he was not convicted as an adult, two points are added under §4A1.1(b) for a sentence to confinement of at least sixty days if the defendant was released from that confinement within five years of commencing the instant offense. U.S.S.G. §4A1.2(d)(2)(A).

Mr. Atkinson does not deny that he was adjudicated delinquent for disorderly conduct nor that he was committed to Abraxas I from January 9, 2003 through August 20, 2003, and ultimately discharged from the Juvenile Court's jurisdiction on January 27, 2004, more than sixty (60) days. He claims, however, that the reason he was committed for longer than the adult statutory maximum was because of his failure to appear at a dispositional hearing.  Mr. Atkinson's claim is belied by his

juvenile probation file which indicates that he was committed to Abraxas I for an indefinite period of time as a result of his delinquent adjudication[1] and not as the result of any failure to appear at a hearing.

Because his instant offense was commenced (August 16, 2004), within five years of his discharge from the juvenile court's jurisdiction (January 27, 2004), and he was committed for a period of time that exceeded sixty days, two points should be added to his criminal history score. Accordingly, the PSI correctly sets forth Mr. Atkinson's total criminal history score of eight. It follows that his criminal history category is also correctly set forth as category IV. See U.S.S.G. Ch. 5 Pt. A. (A defendant with 7, 8, or 9 criminal history points has a criminal history category of IV). Therefore, the PSI sets forth the correct sentencing range of 70 to 87 months imprisonment. Id.

Even if this Court were to accept Mr. Atkinson's claim that the length of his sentence was not a product of his adjudication of delinquency, his argument still fails. Pursuant to §4A1.2(d)(2)(B), one point would still be added to his criminal history score, making the total 7, and thus, his criminal history category would still be IV.

---

[1] A juvenile court has the authority under the Juvenile Act to impose upon a juvenile who has been adjudicated delinquent a period of probation that exceeds the maximum possible term of incarceration for the offense at issue. In re Matter of S.A.S., 839 A.2d 1106, 1109 (Pa. Super. 2003).

Therefore, Mr. Atkinson's objections to the PSI should be denied as the correct criminal history score and criminal history category are set forth in the PSI.

### III. Conclusion

WHEREFORE, the government respectfully requests this Court to deny the defendant's objection to the Presentence Investigation Report.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


 /s/ Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362